UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO: 5:16-CR-11-TBR

UNITED STATES OF AMERICA,                                          PLAINTIFF

v.

DAVID MICHAEL GENTNER,                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant David Gentner's Motion for Compassionate Release. [DN 70]. The United States has not responded and the deadline to do so has passed. This matter is ripe for adjudication. For the reasons stated herein: Defendant's Motion for Compassionate Release, [DN 70], is DENIED.

## BACKGROUND

On June 7, 2017, Defendant plead guilty to one count of knowingly accessing with the intent to view child pornography. [DN 37]. On January 26, 2018, he was sentenced to 48 months of imprisonment, seven years supervised released, and monetary penalties. [DN 64]. On July 31, 2019, Defendant filed the current motion for compassionate release. [DN 70]. Defendant's wife, Dale Gentner, is suffering from terminal cancer. *Id.* Defendant requests the Court grant compassionate release so that he may serve as his wife's live-in caregiver. *Id.* In support of his motion, Defendant included a letter from his wife's doctor stating that Mrs. Gentner "had become incapacitated with a debilitating physical illness and [Defendant] is the 'only available caregiver.'" [DN 70-2].

## LEGAL STANDARD AND DISCUSSION

"Generally speaking, once a court has imposed a sentence, it does not have authority to change or modify that sentence unless such authority is expressly granted by statute." *United States*

1

*v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013) (citing *United States v. Houston,* 529 F.3d 743, 748 (6th Cir. 2008) (citing *United States v. Ross,* 245 F.3d 577, 585 (6th Cir. 2001))). Such authority is granted pursuant to 18 U.S.C. § 3582(c):

> **(c) Modification of an imposed term of imprisonment.** The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case--
>
>> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>>> **(i)** extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . .

18 U.S.C. § 3582(c). Notably, a sentence reduction under the "compassionate release" provision of § 3582(c)(1)(A)(i) may be made only "upon motion of the Director of the Bureau of Prisons, or upon a motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf . . . ." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Conley*, No. 18-5582, 2019 WL 2403230, at *2 (6th Cir. Jan. 9, 2019). Thus, district courts lack jurisdiction to consider a motion for compassionate release filed by the defendant himself unless he has fully exhausted his administrative remedies.

*Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001); *United States v. Guzman*, No. 5:16-CR-41-JMH-EBA, 2019 WL 3892416, at *2 (E.D. Ky. Aug. 19, 2019) ("The present motion is not brought by the Director of the Bureau of Prisons and it does not appear that Guzman has exhausted his administrative remedies. Accordingly, his request for early release must be denied.") (internal citations omitted). The present motion for compassionate release is not brought by the Director of the Bureau of Prisons. [DN 70]. Moreover, there is no evidence to suggest that Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf. *Id.* Therefore, his request for compassionate release must be denied.

## CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED**: Defendant's Motion for Compassionate Release, [DN 70], is **DENIED**.

**IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 28, 2019

CC: Attorneys of Record